## JOHN WELCH v. THE STATE.

### No. 2304. Decided December 12, 1900.

**1. Theft of Cattle—Evidence—Unrecorded Brand.**

On the trial for theft of an animal, an unrecorded brand on the animal can only be used as any other flesh mark to identify the animal—it is not evidence of ownership.

**2. Same—Certified Copy of Brand Recorded Subsequent to the Theft—Charge of Court.**

On a trial for theft of cattle, where a certified copy of a brand, recorded subsequent to the alleged theft, was introduced in evidence, it was the duty of the court, in the charge, to guard the jury against the use of such evidence as evidence of ownership, where it might likely be so used, and to limit its effect simply to the purpose of identifying the animal.

APPEAL from the District Court of Brown. Tried below before Hon. J. C. WOODWARD.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Jenkins & McCartney,* for appellant.—In Priesmuth v. State, it was held that the fact that the party had had the brand found on the animal recorded subsequently to the theft might be proven as a circumstance to show ownership when taken in connection with the facts that the alleged owner had previously had animals of that brand in his possession. There is no such circumstance in this case, and the record was not offered to show ownership but on identity only. How could the fact that Coggin Bros. & Ford had a brand recorded more than a year after the alleged theft, tend to identify the animal alleged to have been stolen? How could that fact tend to make more certain the hypothesis that the hide found was the hide of a certain two-year-old red steer bought by Porter from McCoy as claimed by Mitchell? The fact that the brand was recorded was liable to be taken by the jury as proof of ownership. The court refused to charge that the brand could not be considered evidence of ownership. See Tittle v. State, 30 Texas Crim. App., 599. This might have been cured by a special charge limiting the effect of this evidence. The court not only failed to limit said evidence but refused to give the following special charge: "You are instructed that the record of marks and brands read in evidence in this case can not be considered by you as any evidence of ownership of the animal alleged to have been stolen by the defendant, and can not be considered by you as any evidence upon the question as to who had the management or control of said animal."

This evidence was admitted for the purpose of identity and should have been limited to that purpose by the charge of the court. Warren v. State, 33 Texas Crim. Rep., 503; Turner v. State, 39 Texas Crim. Rep., 327; Chowning v. State, 51 S. W. Rep., 947; Williamson v. State, 30 Texas Crim. App., 332; Rogers v. State, 26 Texas Crim. App., 431; Washington v. State, 23 Texas Crim. App., 338; Barton v. State, 28 Texas Crim. App., 483.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of cattle, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

There is but one question to be considered, in a proper disposition of this case. On the trial the court admitted the record of the brand of the alleged owner, recorded on December 4, 1899, more than a year after the alleged theft of said head of cattle; and appellant reserved a bill of exceptions thereto, setting up a number of grounds—among others, that the brand was recorded subsequent to the date of the theft, and could not be used as proof of ownership, and because the evidence did not show that the animal was branded with a recorded brand, etc. The court overruled the objections and admitted the testimony. Appellant also requested the court to give a special charge limiting the effect of said testimony to the question of identity, and instructing the jury that

they could not consider same as any evidence of ownership. The court refused to give this instruction, and gave none of equivalent import. The question of the admissibility of this character of evidence was thoroughly discussed in Turner v. State, 39 Texas Criminal Reports, 327, and it was there held that the unrecorded brand on a animal could only be used, as any other flesh mark, in connection with other testimony, to identify the animal. The fact that such a brand was recorded subsequent to the theft could serve no useful purpose. It was not proof of ownership, and the flesh mark could be proved by parol evidence as any other flesh mark, for the purpose of identity solely. It has furthermore been held by this court in a number of decisions that, where a certified copy of a brand recorded subsequent to the alleged theft was admitted in evidence, it was the duty of the court to guard the jury against the use of this as evidence of ownership, and to limit its effect simply for the purpose of identifying the animal. See Tittle v. State, 30 Texas Crim. App., 597; Chowning v. State, 41 Texas Crim. Rep., 81. Now, if the evidence of the unrecorded brand was not, under the circumstances of the case, calculated to be used by the jury as evidence of ownership, then these decisions might not apply; but, looking to the record in this case, we are impressed with the idea that the jury must have used this unrecorded brand as evidence of ownership. This was the disputed point in the case. The State's case as to ownership merely depended on the testimony of Mitchell, and an examination of the transcript will suggest that his evidence is by no means strong on this point. He did not raise the animal, but it was purchased by another party for him and placed in a herd of 800 or 1000 others, and he casually saw the animal in the herd on two or three occasions. He says in his testimony that he identified it from its flesh marks. What flesh marks, save that the hide was red, like the animal he had lost, we are not informed. It is shown, however, by this same witness that he made a very thorough investigation of the hide to ascertain its brand, evidently with the purpose of identifying the hide as that of his lost animal. He was not able to determine the brand in the state in which he originally found it but took it to a neighbor's close by, and soaked it, and found the brand; and then, it seems, he was able to state it was the hide of his stolen animal. It occurs to us, from the showing this witness makes, that he was only competent to speak with any degree of certainty as to the identity of the animal from an examination of the hide and the discovery of this brand; and, if the jury had been instructed to disregard this unrecorded brand as evidence of ownership, they might not have been satisfied with his evidence, so as to have reached the verdict they did. At any rate, they should have been instructed by the court on this point. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*